FILED & ENTERED

SEP 10 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY rust        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>Wallace Patrick Moriarty and<br>Dorene Moriarty,<br><br>            Debtors.<br>_____<br>Elizabeth S. Pankey, Trustee,<br>U/D/T December 6, 1985, Peter<br>S. Pankey and Robert Hurst,<br><br>           Plaintiffs,<br>vs.<br><br>Wallace Patrick Moriarty,<br><br>           Defendant.<br>_____ | CASE NO. 9:11-bk-10019-RR<br><br>Chapter 7<br><br>Adv. No. 9:11-ap-01137<br><br>ORDER STRIKING NOTICE<br>OF JURY TRIAL<br><br>No hearing set |

    The instant Adversary Proceeding, commenced on April 22, 2011, seeks the determination of nondischargeability of debt under 11 U.S.C. §§523(a)(2)(A) and (a)(6). Trial is presently set for January 29 and 30, 2013.

1

On September 6, 2012, Plaintiffs filed a Notice of Jury Trial.

F.R.Civ.P. 38 is applicable to adversary proceedings by Bankruptcy Rule 9015.  Subsection (b) provides:

> On any issue triable of right by a jury, a party may demand a jury trial by:
> (1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served; and
> (2) filing the demand in accordance with Rule 5(d).

F.R.Civ.P. 38(b).

F.R.Civ.P. 38(d) provides, "A party waives a jury trial unless its demand is properly served and filed.  A proper demand may be withdrawn only if the parties consent."  Additionally, F.R.Civ.P. 39(a)(2) provides:

> When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action.  The trial on all issues so demanded must be by jury unless:
> . . .
> (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

F.R.Civ.P. 39(a)(2).

As contained in Rule 38(b), the phrase "last pleading directed to the issue" has been interpreted to mean those pleadings enumerated in Rule 7, i.e.:  the complaint; an answer to a complaint, counterclaim, crossclaim, or a third-party complaint; or a reply to an answer. Burns v. Lawther, 53 F.3d 1237, 1241 (11th Cir. 1995) (applying the ten day time period of the former rule in effect prior to the 2009 Amendments).  The "last pleading directed to" an issue is not the pleading that raises the issue, but rather, the pleading that contests the issue, which is normally an answer or

2

a reply to a counterclaim, and it is the filing of that document which starts the 14-day period within which a demand for jury trial must be filed.  McCarthy v. Bronson, 906 F.2d 835, 840 (2nd Cir. 1990) (also applying the former ten-day period).

Plaintiffs' Notice of Jury Trial, filed on September 6, 2012, was the first such notice filed in the case.  Neither the complaint, filed April 22, 2011, nor the answer, filed May 24, 2011, included a demand for jury trial.  The "last pleading directed to the issue" was therefore the answer, filed on May 24, 2011. Accordingly, June 7, 2011, would have been the deadline for filing a demand for jury trial under the federal rules.

Plaintiffs' Notice of Jury Trial, filed on September 6, 2012, 15 months after the deadline had expired, is untimely.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Notice of Jury Trial is STRICKEN.

///
///
///
///
///
///
///

DATED: September 10, 2012

_____
United States Bankruptcy Judge

3

**SERVICE LIST FOR ENTERED ORDER**

<u>Counsel for Plaintiffs</u>
Stephen G. Hammers, Esq.
Price, Crooke, Gary & Hammers
10 Corporate Park, Suite 300
Irvine, CA  92606-5140

<u>Counsel for Defendant</u>
Kenneth D. Sisco, Esq.
2262 Morgan Drive
Norco, CA  92860

<u>Chapter 7 Trustee</u>
Jerry Namba
504 East Chapel St.
Santa Maria, CA 93454

<u>U.S. Trustee</u>
Office of the U.S. Trustee Region 16
21051 Warner Center Lane, Ste 115
Woodland Hills, CA 91367

Brian Fittipaldi, Esq.
Office of the U.S. Trustee
128 East Carrillo Street
Santa Barbara, CA 93101